CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2010

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY HUTCHERSON, ) | |
|    Plaintiff, ) | Civil Action No. 7:10-cv-00029 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JAMES BERKLEY PRIEST, et al., ) | By: Samuel G. Wilson |
|    Defendants. ) | United States District Judge |

This matter is before the court on Jeremy Hutcherson's civil rights action, brought pursuant to 42 U.S.C. § 1983, against Hutcherson's defense counsel, two judges, and a prosecutor, requesting that the court dismiss his state criminal charges and award him monetary damages. The court finds that Hutcherson's claims are not properly raised in a § 1983 action, that defense counsel is not a proper defendant in a § 1983 action, and that the judges and the prosecutor have absolute immunity in this matter. Accordingly, the court dismisses Hutcherson's action without prejudice as frivolous.

**I.**

Hutcherson alleges that he asked his defense counsel, defendant Priest, to withdraw from his case when he learned that defense counsel had been convicted of a DUI while Hutcherson's case was pending. Apparently Priest did not withdraw from Hutcherson's case and continued to represent Hutcherson at his jury trial. Hutcherson states that he wrote to Judges Cunningham and Conner and to prosecutor Hamilton asking for a new trial and that none of these defendants responded to him or granted him a new trial. As relief to this § 1983 action, Hutcherson asks the court to dismiss his state charges[1] and award him the "maximum amount" of damages permitted under this action, including damages for loss of wages, personal suffering, and emotional distress.

---

[1] The court notes that although Hutcherson has been tried and found guilty by a jury on the charges against him in the Halifax County Circuit Court, he has not yet been sentenced and, thus, final judgment has not yet been entered against him.

## II.

It is not clear what constitutional violations Hutcherson is attempting to argue in his complaint; however, the relief he seeks is not available to him in a § 1983 action at this time. To the extent Hutcherson asks the court to dismiss his state criminal charges, such relief is exclusively available in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Accordingly, the court denies Hutcherson's request to dismiss the state criminal charges against him.

Further, to the extent Hutcherson asks for damages on the basis that his confinement is unconstitutional, his claim fails. In order to recover damages for unlawful confinement, Hutcherson must demonstrate that his current confinement was "declared invalid by a state tribunal authorized to make such determination" or that it was "called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As Hutcherson's confinement has not been declared invalid by a state tribunal and a writ of habeas corpus has not been issued, the court denies his request for damages.

## III.

Furthermore, the court finds that Hutcherson cannot maintain his instant claims against the named defendants in a § 1983 action. To the extent Hutcherson brings this action against his criminal defense counsel Priest is not amenable to suit under § 1983. To the extent Hutcherson

brings this suit against two state court judges, the court finds that the judges are entitled to judicial immunity. Finally to the extent Hutcherson brings this suit against the state prosecutor, the court finds that the prosecutor is entitled to absolute immunity in this matter.

To state a cause of action under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-324 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Therefore, the court finds that Hutcherson cannot maintain this action against defendant Priest.

It is well settled that a judge is absolutely immune from suit under § 1983 for acts committed within their judicial discretion, even if the acts were allegedly done either maliciously or corruptly. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump, 435 U.S. at 355-56. When determining whether an act is judicial, the court looks to the nature of the act itself (whether it is a function normally performed by a judge) and the expectation of the parties (whether they dealt with a judge in his/her judicial capacity). Forrester v. White, 484

U.S. 219 (1988); Dababnah v. Keller-Burnside, 208 f.3d 467, 470 (4th Cir. 2000) (issuance of a court order is a judicial act). Inasmuch as Hutcherson's allegations regarding Judges Conner and Cunningham involve judicial acts, the court finds that the judges are entitled to absolute judicial immunity.

A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). A prosecutor's decision to prosecute a case and how to proceed with the prosecution are "quasi-judicial" decisions, and therefore, the prosecutor is entitled to absolute immunity. See Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996) (The decision as to "whether and when to prosecute" is "quasi-judicial," so prosecutor enjoys absolute immunity.); Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) (decision to go forward with prosecution is covered by absolute immunity). Therefore, the court finds that the prosecutor is entitled to absolute immunity in this case and that Hutcherson cannot maintain this action against any of the named defendants.

### IV.

For the reasons stated, the court dismisses Hutcherson's complaint without prejudice as frivolous.

The Clerk of the Court is directed to send a certified copy of this Order and accompanying Memorandum Opinion to the plaintiff.

**ENTER:** This 29th day of January, 2010.

United States District Judge